No. 82–6830. SMITH *v.* OKLAHOMA. Ct. Crim. App. Okla. Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted. The judgment is vacated insofar as it leaves undisturbed the death penalty imposed and the case is remanded for further consideration in light of the position presently asserted by the Attorney General of Oklahoma in his memorandum filed September 14, 1983.

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, concurring in part and dissenting in part.

I concur in the remand of this case to the Court of Criminal Appeals of Oklahoma, but I am neither comfortable nor content with this Court's vacation of only the death penalty. I would vacate petitioner's conviction as well as his sentence and thereby permit the Court of Criminal Appeals to review the case afresh. That court is free, of course, after appropriate consideration and if the circumstances warrant, to reinstate the conviction. I, however, would have the Oklahoma tribunal make that move affirmatively, rather than be tempted (it would be error, in my view) not to act at all because it misperceives an implication in this Court's vacation limited to the death penalty.

I reach this conclusion because the Attorney General of Oklahoma, in his response to the petition for a writ of certiorari, says only:

"The transcript reveals that the sole evidence which linked the Petitioner to the death of the victim is contained in a statement given by the Petitioner to Sheriff Ingram. The crucial part of this statement appears on pages 137–140 of the trial transcript. According to Sheriff Ingram, the Petitioner advised him that, when he started walking away from the victim's pickup, he observed his co-defendant Goforth, place 'some paper or something' under the front seat of the pickup (Tr. 139). Nowhere is it stated that the Petitioner observed his co-defendant set fire to the pickup.

"In view of the foregoing, the State concedes that it cannot be said that the Petitioner 'contemplated that life would be taken.' *Enmund* v. *Florida,* [458] U. S. [782, 801] ( . . . 1982)."

As I read that concession by the State, it means that there was no intent on petitioner's part to kill and, hence, that he could not be guilty of murder, let alone incur the death penalty.

But if the State's concession is indecisive and its language less than clear—as, evidently, a majority of the Members of this Court feels it to be—it seems to me that we should vacate the judgment entirely anyway, and let the Attorney General then clarify his concession to the Oklahoma Court of Criminal Appeals in language that is plainly understood so that that court may act and proceed accordingly. Surely, it is not for this Court to interpret, in the first instance, the extent of the State's concession and measure its reach so begrudgingly as it does today.